OF

. THE STATE OF MISSOURI.

MAY TERM, 1876, AT ST. JOSEPH.

[CONTINUED FROM VOL. LXII.]

————O————

CALEB F. REYNOLDS, Appellant, *vs.* JOHN W. ROGERS, Respondent.

1. *Agent, sale of stock by—Amount, agreement with principal as to—Sale for less sum—Liability.*—Where, by the terms of his agreement with his principal, an agent had authority to sell certain cattle if they brought a given sum, and they were sold for a less amount, the principal would, nevertheless, be entitled to the sum named in the stipulation.

2. *Supreme Court—Evidence—Jury.*—On questions of fact the Supreme Court will not invade the province of the jury.

### *Appeal from Carroll Circuit Court.*

*John L. Mirick*, for Appellant.

*L. H. Waters*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This action was brought to recover a balance of $556$\frac{20}{100}$ claimed to be due from the defendant to the plaintiff on account of money had and received, &c.

The answer was a denial; and for a further defense it was averred that defendant left cattle with the plaintiff to be sold at

not less than $40\frac{80}{100}$ per head ; and that they were reasonably worth that sum, and that they were sold at a greater sum, and that they were sold for more than the money paid and advanced to defendant.

There was a trial before a jury upon the simple issue of indebtedness, and the only witnesses were the plaintiff in his own behalf, and the defendant for himself. Verdict and judgment for defendant.

The only question involved is one of fact, and that was exclusively the province of the jury to find. The appellant makes a point upon the instructions, but we cannot see that it is sustained by any substantial ground.

Two instructions were given for him as favorable as he could ask, and the third instruction, which was refused, stated that there was no evidence in the case showing a liability of the plaintiff to the defendant for any stipulated price to be obtained for the cattle.

For the defendant the court instructed that the burden was upon the plaintiff to make out his case by a preponderance of evidence ; and that if it was found that defendant, at the plaintiff's request, and for a consideration, placed in his hands and to be sold, the cattle ; and that the same were to be sold by plaintiff so as to realize a certain price per head, and the plaintiff sold at a less price than that agreed upon, then the defendant was entitled to a credit, and to be allowed the price at and for which the cattle were to be sold.

We see nothing objectionable in the instructions. There was evidence to sustain them, and whether it was satisfactory was for the jury alone. The case presented simply a question of fact and we are unable to perceive any ruling on the law that prejudiced the plaintiff.

Judgment affirmed. All the judges concur except Judge Vories who is absent.